# Exhibit A

**Award**
**FINRA Office of Dispute Resolution**

---

In the Matter of the Arbitration Between:

| | |
|---|---|
| Claimant | Master Case Number: 14-00259 |
| Charles Peter Wallace | (Consolidated with Subordinate Case Number 14-00626) |
| vs. | |
| Respondents | Hearing Site: Miami, Florida |
| Morgan Stanley Smith Barney, LLC | |
| Morgan Stanley Smith Barney FA Notes Holdings LLC | |

---

In the Matter of the Arbitration Between:

| | |
|---|---|
| Claimants | Subordinate Case Number: 14-00626 |
| Morgan Stanley Smith Barney, LLC<br>Morgan Stanley Smith Barney FA Notes Holdings LLC | (Consolidated with Master Case Number 14-00259) |
| vs. | |
| Respondent<br>Charles Peter Wallace | Hearing Site: Miami, Florida |

---

Nature of the Dispute: Associated Person vs. Member and Non-Member

## REPRESENTATION OF PARTIES

For Claimant Charles Peter Wallace ("Wallace"): Ronald P. Weil, Esq. and Marguerite C. Snyder, Esq., Weil, Snyder, Schweikert & Ravindran, P.A., Miami, Florida.

For Respondents Morgan Stanley Smith Barney, LLC ("MSSB") and Morgan Stanley Smith Barney FA Notes Holdings LLC ("MSSB FA Notes"): Tracy L. Gerber, Esq. and Elizabeth Moum, Esq., Greenberg Traurig, P.A., West Palm Beach, Florida.

## CASE INFORMATION

**The following pleadings were filed in Master Case No. 14-00259:**

Statement of Claim filed by Wallace on or about: January 27, 2014.

Case 1:17-cv-23855-RNS   Document 1-1   Entered on FLSD Docket 10/20/2017   Page 3 of 11

FINRA Office of Dispute Resolution
Master Arbitration No. 14-00259 consolidated with Subordinate Arbitration No. 14-00626
<u>Award Page 2 of 8</u>

Wallace signed the Submission Agreement: January 10, 2014.

Statement of Answer filed by MSSB and MSSB FA Notes on or about: April 4, 2014.
MSSB signed the Submission Agreement: February 26, 2014.
MSSB FA Notes signed the Submission Agreement: February 24, 2014.

Motion to Strike and Motion for Sanctions filed by Wallace on or about: September 23, 2014.
Response in Opposition to Wallace's Motion to Strike and Motion for Sanctions filed by MSSB and MSSB FA Notes on or about: October 17, 2014.
Reply to MSSB and MSSB FA Notes' Response in Opposition to Wallace's Motion to Strike and Motion for Sanctions filed by Wallace on or about: October 23, 2017.

Emergency Motion for Sanctions filed by Wallace on or about: May 31, 2017.
Opposition to Wallace's Emergency Motion for Sanctions filed by MSSB and MSSB FA Notes on or about: June 5, 2017.

**The following pleadings were filed in Subordinate Case No. 14-00626:**

Statement of Claim filed by MSSB and MSSB FA Notes on or about: February 24, 2014.
MSSB signed the Submission Agreement: February 24, 2014.
MSSB FA Notes signed the Submission Agreement: February 24, 2014.

Unopposed Motion to Combine Claims filed by Wallace on or about: June 12, 2014.

## CASE SUMMARY

**The following case summary applies to Master Case No. 14-00259:**

Wallace asserted the following causes of action: wrongful termination; defamation; breach of fiduciary duty; negligence; breach of contract; breach of the duty of good faith and fair dealing; violation of FINRA Rule 2110; conversion; and cancellation of Wallace's promissory note. The causes of action relate to Wallace's termination of employment with MSSB.

Unless specifically admitted in the Statement of Answer, MSSB and MSSB FA Notes denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

**The following case summary applies to Subordinate Case No. 14-00626:**

MSSB and MSSB FA Notes asserted the cause of action of breach of promissory note. The cause of action relates to Wallace's alleged failure to repay sums due to MSSB and MSSB FA Notes pursuant to the terms of one fully-executed promissory note dated July 25, 2008 (the "Note"), upon Wallace's termination of employment with MSSB.

Case 1:17-cv-23855-RNS   Document 1-1   Entered on FLSD Docket 10/20/2017   Page 4 of 11

FINRA Office of Dispute Resolution
Master Arbitration No. 14-00259 consolidated with Subordinate Arbitration No. 14-00626
Award Page 3 of 8

# RELIEF REQUESTED

### The following relief was requested for Master Case No. 14-00259:

In the Statement of Claim, Wallace requested: compensatory damages for the loss of income, loss of book of business, loss of deferred compensation, loss of 401K match, loss of pension accrual, loss of pension lump sum, and damages for mental pain and anguish sustained by him; punitive damages in an amount to be determined by the Panel; pre-award interest; forum fees and costs, including expert witness fees; attorneys' fees, with both entitlement and amount to be determined by a court of competent jurisdiction; and such other and further relief as may be appropriate, including an amendment or expungement of Wallace's Central Registration Depository ("CRD") Form U5.

In the Statement of Answer, MSSB and MSSB FA Notes did not delineate specific relief requests.

At the close of the hearing, Wallace requested total monetary damages in the amount of $3,545,534.96.

### The following relief was requested for Subordinate Case No. 14-00626:

In the Statement of Claim, MSSB and MSSB FA Notes requested: an amount in excess of $511,063.00, which includes the outstanding principal amount owed under the Note, in the amount of $481,994.00, plus accrued interest of 9.25% per annum ($122.14 per day) from the date of termination through the date of this Award; post-award interest at the legal rate; MSSB and MSSB FA Notes' fees and expenses (including all FINRA forum fees and the FINRA filing fee of $4,700.00, as well as its reasonable attorneys' fees incurred in enforcing the terms of the Note); and such other and further relief as the Panel deemed appropriate.

# OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On or about June 12, 2014, Wallace filed an unopposed Motion to Combine Claims in Case No. 14-00626 with Case No. 14-00259.  Wallace asserted, among other things, that the parties in both cases were the same, that they retained the same counsel, that the facts of both cases were almost identical, including defenses, and that the Note had already become a key issue in Case No. 14-00259.  MSSB and MSSB FA Notes did not oppose the Motion.  On June 17, 2014, the Panel issued an Order in which it granted the Motion to Combine Claims.

On or about September 23, 2014, Wallace filed a Motion to Strike and Motion for Sanctions.  In his Motion, Wallace moved to strike references in MSSB and MSSB FA Notes' Statement of Answer relating to the content of telephone calls, which MSSB allegedly refused to produce. Wallace also moved for an adverse inference against MSSB for its alleged discovery abuse in this arbitration proceeding.  In its Response,

Case 1:17-cv-23855-RNS   Document 1-1   Entered on FLSD Docket 10/20/2017   Page 5 of 11

FINRA Office of Dispute Resolution
Master Arbitration No. 14-00259 consolidated with Subordinate Arbitration No. 14-00626
Award Page 4 of 8

MSSB argued that it had been collaborative in the discovery process and that its objections to Wallace's request for the production of the telephone recordings at issue were well-founded. MSSB further requested that the Motion for Sanctions be denied. In his Reply, Wallace argued, among other things, that MSSB was playing games with the discovery process; that it was in possession of the recordings; and that Wallace should have access to MSSB's exact copy of the recordings. On November 4, 2017, the Panel entered an Order in which it denied, without prejudice, Wallace's Motion, and issued a third-party subpoena for a copy of the telephone recordings at issue.

On or about May 31, 2017, Wallace filed an Emergency Motion for Sanctions. Wallace asserted, among other things, that MSSB reneged on its agreement to produce attorney-client privileged materials on the eve of the evidentiary hearings, and requested a privilege log as well as a finding that MSSB had waived its attorney-client privilege as it related to the termination of Wallace's employment. In its Response, MSSB argued, among other things, that it was Wallace's recent assertion of new claims and allegations in the arbitration that resulted in its need to waive the privilege in order to defend itself, that the privileged documents were relatively small in number and produced at the Pre-Hearing Exchange well in advance of the final hearing, and that Wallace's counsel and his expert had already reviewed the documents. MSSB further asserted that there were no grounds in this case to support sanctions under either FINRA Rule 13212 or 13511 of the Code of Arbitration Procedure (the "Code"). On June 5, 2017, the Panel heard oral argument on Wallace's Motion and entered an Order in which it granted the request for production of the privilege log and reserved the right to consider adverse inferences at the evidentiary hearings, if appropriate.

If the Arbitrators have provided an explanation of their decision in this award, the explanation is for the information of the parties only and is not precedential in nature.

The parties present at the hearing have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the recorded in-person hearing, and the post-hearing submissions (if any), the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Wallace's claims are denied in their entirety.

2. Wallace is liable for breach of the Note and shall pay to MSSB and MSSB FA Notes the sum of $550,000.00 in compensatory damages, inclusive of interest and costs.

3. Wallace is liable for and shall pay to MSSB and MSSB FA Notes interest on the above-stated sum at the rate of 5% per annum from the date of this Award until payment.

4. The amount of the award shall be offset by the funds held in Wallace's accounts frozen by MSSB. Any and all funds remaining in Wallace's frozen

Case 1:17-cv-23855-RNS   Document 1-1   Entered on FLSD Docket 10/20/2017   Page 6 of 11

FINRA Office of Dispute Resolution
Master Arbitration No. 14-00259 consolidated with Subordinate Arbitration No. 14-00626
<u>Award Page 5 of 8</u>

accounts above and beyond the amount necessary to satisfy this Award shall be refunded to Wallace.  If there are insufficient funds in Wallace's accounts to satisfy the Award, Wallace is liable for and shall pay the difference to MSSB and MSSB FA Notes.

5. The parties agreed that the Panel did not have authority to award attorneys' fees.

6. Wallace's request for expungement of his CRD records based on defamation is denied.

7. Any and all claims for relief not specifically addressed herein, including Wallace's request for punitive damages, are denied.

## **FEES**

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
FINRA Office of Dispute Resolution assessed a filing fee* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | =$ 1,800.00 |

*The filing fee is made up of a non-refundable and a refundable portion.

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, MSSB is assessed the following:

| | |
|---|---|
| Member Surcharge | =$ 2,800.00 |
| Pre-Hearing Processing Fee | =$    750.00 |
| Hearing Processing Fee | =$ 5,000.00 |

**Postponement Fees**
Postponements granted during these proceedings for which fees were assessed or waived:

| | |
|---|---|
| September 8-11, 2015, postponement by MSSB and MSSB FA Notes | =$ 1,200.00 |
| February 29-March 4, 2016, postponement by Wallace | =$ 1,200.00 |
| February 6-10, 2017, postponement by MSSB and MSSB FA Notes | =$ 1,200.00 |
| Total Postponement Fees | =$ 3,600.00 |

The Panel has assessed $2,400.00 of the adjournment fees to Wallace.

The Panel has assessed $1,200.00 of the adjournment fees jointly and severally to MSSB and MSSB FA Notes.

Case 1:17-cv-23855-RNS   Document 1-1   Entered on FLSD Docket 10/20/2017   Page 7 of 11

FINRA Office of Dispute Resolution
Master Arbitration No. 14-00259 consolidated with Subordinate Arbitration No. 14-00626
Award Page 6 of 8

**Discovery-Related Motion Fee**
Fees apply for each decision rendered on a discovery-related motion.

| | |
|---|---|
| One (1) decision on a discovery-related motion on the papers with one (1) arbitrator @ $200.00/decision | =$ 200.00 |
| One (1) decision on a discovery-related motion on the papers with three (3) arbitrators @ $600.00/decision ($200.00/arbitrator) | =$ 600.00 |

Wallace submitted one (1) discovery-related motion

MSSB and MSSB FA Notes submitted one (1) discovery-related motion

_____
Total Discovery-Related Motion Fees                              =$ 800.00

The Panel has assessed $400.00 of the discovery-related motion fees to Wallace.

The Panel has assessed $400.00 of the discovery-related motion fees jointly and severally to MSSB and MSSB FA Notes.

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s) that lasts four (4) hours or less. Fees associated with these proceedings are:

Two (2) pre-hearing sessions with a single arbitrator @ $450.00/session   =$   900.00
Pre-hearing conferences:   July 20, 2015          1 session
                           January 25, 2016       1 session

Five (5) pre-hearing sessions with the Panel @ $1,200.00/session   =$ 6,000.00
Pre-hearing conferences:   July 17, 2014          1 session
                           March 7, 2016          1 session
                           November 7, 2016       1 session
                           May 26, 2017           1 session
                           June 5, 2017           1 session

Twenty-Seven (27) hearing sessions @ $1,200.00/session             =$32,400.00
Hearing Dates:             June 12, 2017          3 sessions
                           June 13, 2017          3 sessions
                           June 14, 2017          3 sessions
                           June 15, 2017          3 sessions
                           June 16, 2017          2 sessions
                           June 26, 2017          1 session
                           June 27, 2017          3 sessions
                           June 28, 2017          3 sessions
                           August 30, 2017        2 sessions
                           August 31, 2017        2 sessions

Case 1:17-cv-23855-RNS Document 1-1 Entered on FLSD Docket 10/20/2017 Page 8 of 11

FINRA Office of Dispute Resolution
Master Arbitration No. 14-00259 consolidated with Subordinate Arbitration No. 14-00626
Award Page 7 of 8

September 1, 2017      2 sessions
_____
Total Hearing Session Fees =$39,300.00

The Panel has assessed $20,475.00 of the hearing session fees to Wallace.

The Panel has assessed $18,825.00 of the hearing session fees jointly and severally to MSSB and MSSB FA Notes.

All balances are payable to FINRA Office of Dispute Resolution and are due upon receipt.

FINRA Office of Dispute Resolution
Master Arbitration No. 14-00259 consolidated with Subordinate Arbitration No. 14-00626
Award Page 8 of 8

## ARBITRATION PANEL

| | | |
|---|---|---|
| Steven Gerard Goerke | - | Public Arbitrator, Presiding Chairperson |
| Jeffrey R. Roth | - | Public Arbitrator |
| Michael S. Kozlow | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

**Concurring Arbitrators' Signatures**

_____          10/11/2017
Steven Gerard Goerke                                         Signature Date
Public Arbitrator, Presiding Chairperson


_____          _____
Jeffrey R. Roth                                                     Signature Date
Public Arbitrator


_____          _____
Michael S. Kozlow                                                Signature Date
Non-Public Arbitrator


OCTOBER 12, 2017
_____
Date of Service (For FINRA Office of Dispute Resolution office use only)

FINRA Office of Dispute Resolution
Master Arbitration No. 14-00259 consolidated with Subordinate Arbitration No. 14-00626
Award Page 8 of 8

## ARBITRATION PANEL

| | | |
|---|---|---|
| Steven Gerard Goerke | - | Public Arbitrator, Presiding Chairperson |
| Jeffrey R. Roth | - | Public Arbitrator |
| Michael S. Kozlow | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

**Concurring Arbitrators' Signatures**

_____        _____
Steven Gerard Goerke                                             Signature Date
Public Arbitrator, Presiding Chairperson


   Jeffrey R. Roth  /s                                                      10/11/2017
_____        _____
Jeffrey R. Roth                                                        Signature Date
Public Arbitrator


_____        _____
Michael S. Kozlow                                                Signature Date
Non-Public Arbitrator


 OCTOBER 12, 2017
_____
Date of Service (For FINRA Office of Dispute Resolution office use only)

FINRA Office of Dispute Resolution
Master Arbitration No. 14-00259 consolidated with Subordinate Arbitration No. 14-00626
<u>Award Page 8 of 8</u>

## ARBITRATION PANEL

| | | |
|---|---|---|
| Steven Gerard Goerke | - | Public Arbitrator, Presiding Chairperson |
| Jeffrey R. Roth | - | Public Arbitrator |
| Michael S. Kozlow | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

**<u>Concurring Arbitrators' Signatures</u>**

_____         _____
Steven Gerard Goerke                                       Signature Date
Public Arbitrator, Presiding Chairperson


_____         _____
Jeffrey R. Roth                                                    Signature Date
Public Arbitrator


_____         10-11-17
Michael S. Kozlow                                              _____
Non-Public Arbitrator                                        Signature Date


OCTOBER 12, 2017    _____
Date of Service (For FINRA Office of Dispute Resolution office use only)